THOMAS E. AND JANET CHUMLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chumley v. Commissioner
Docket No. 11983-80.
United States Tax Court
T.C. Memo 1982-473; 1982 Tax Ct. Memo LEXIS 274; 44 T.C.M. (CCH) 861; T.C.M. (RIA) 82473; August 12, 1982. Thomas E. and Janet Chumley, pro se. R. Alan Lockyear, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined deficiencies in income tax and additions to tax against petitioners as follows: DEFICIENCY IN
ADDITION TO TAX
TAXABLE YEAR
INCOME TAX
SECTION 6653(a) [1]
1977
$2,562.00
$128.10
1978
5,035.00
251.75
Respondent's determination of deficiencies was based upon his disallowance of the itemized deductions claimed by petitioners in their timely filed joint Federal income tax returns for the calendar years 1977 and 1978. At the time of filing their petition herein, petitioners were residents of Castle Dale, Utah. By order *275 entered herein on August 7, 1981, respondent's motion for partial summary judgment was granted, thus eliminating from the case various jurisdictional, constitutional and technical issues raised by petitioners in their petition. The only remaining issues in the case, therefore, involve the correctness of respondent's disallowance of petitioners' claimed itemized deductions, and the additions to tax, in both years. Pursuant to a pre-trial hearing in this case held on January 20, 1982, respondent's motion for an order imposing sanctions upon petitioners under Rule 104 [2] was granted, and petitioners were * * * precluded from offering any documentary evidence, other than the receipt documents from the Universal Life Church in support of their claimed charitable contributions to that church. As thus limited, this case came on for trial before the Court at its trial session at Ogden, Utah, on March 2, 1982. Petitioner Thomas E. Chumley, having taken the stand as a witness for petitioners, thereupon attempted to introduce into evidence *276 alleged receipts from the Universal Life Church, Inc., which he testified he had received from the church, and which were offered in support of the deductions claimed by petitioners for contributions in the amounts of $11,336.85 for 1977 and $17,201.75 for 1978. Respondent objected to the admission of these documents on the grounds that they were hearsay, and we sustained the objection. The documents were clearly inadmissible.The witness did not purport to be the author of the documents in question, and a party who seeks to introduce written evidence must in some way authenticate it. Fed. R. Evid. 901.Where it was not shown, as here, that the author of the documents was unavailable to testify as to their authenticity, and where no other substantiation was offered, admission of the proffered exhibits was properly refused. Grey v. First National Bank in Dallas,393 F.2d 371, 385, 386 (5th Cir. 1968). It is further clear that, in the hands of petitioner, such alleged receipts, being offered for the truth of their contents, "* * * are hearsay as independent evidence of the making of payment * * *." United States v. Watkins,519 F.2d 294, 296 (D.C. Cir. 1975); *277 Fed. R. Evid. 801(c), 802. Petitioner on brief argues that his proffer of the alleged receipts from the Universal Life Church, substantiating his claimed deductions, comes within the so-called "business records" exception to the hearsay rule, as provided by Fed. R. Evid. 803(6) which reads as follows: (6) Records of regularly conducted business activity.-A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the lack of method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every *278 kind, whether or not conducted for profit. Aside from any other infirmities which the exhibits, proffered by this witness might have in qualifying under the above exception to the hearsay rule, it is clear that petitioner Thomas E. Chumley was not a "custodian or other qualified witness" with respect to these documents. See Daly v. Commissioner,T.C. Memo. 1982-59. No witness from the Universal Life Church who could so qualify was produced by petitioners. Upon brief, petitioners attempted to supplement their submissions at trial by filing the original documents offered at trial, together with additional alleged signed copies thereof, and a purported copy of a registered mail receipt (dated after the trial herein), apparently proffered for the purpose of authenticating said additional copies under Fed. R. Evid. 901(b)(4), viz., that a letter received in reply to another letter may be considered self-authenticating, see Purer and Co. v. Aktiebolaget Addo,410 F.2d 871 (9th Cir. 1969), cert. denied 396 U.S. 834 (1969). This attempt was clearly improper. This Court operates under the Federal Rules *279 of Evidence, [3] and ex parte affidavits and statements submitted on brief do not constitute evidence, Rule 143(b). Aside from the above-proffered exhibits, petitioner Thomas E. Chumley declined to give any further testimony with respect to the claimed contributions to the Universal Life Church, or on any other subject. Petitioner Janet Chumley, although present at trial, did not take the stand. Petitioners called no other witnesses, although they were free to do so, since the Court's sanction order, quoted above herein, did not limit them in any manner in their presentation of evidence other than documentary evidence. In this case, respondent's determination of deficiencies and additions to tax was presumptively correct, and petitioners had the burden of proving that such determinations were in error. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). There being a total failure of proof by petitioners as to any issue, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. All references to rules herein are to the Rules of Practice and Procedure of the United States Tax Court, except as otherwise specified.↩
3. See section 7453, and Rule 143(a) of this Court.↩